## IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**August 6, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JENNIFER MCGINLEY,**
**Claimant Below, Petitioner**

**v.) No. 25-ICA-385**   (WorkForce W. Va. Bd. of Rev. Case No. R-2025-1251)

**NORTHERN WEST VIRGINIA**
**CENTER FOR INDEPENDENT**
**LIVING d/b/a LIVEABILITY,**
**Employer Below, Respondent**

**and**

**SCOTT A. ADKINS, in his official**
**capacity as Acting Commissioner**
**of WorkForce West Virginia,**
**Respondent Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Jennifer McGinley appeals the September 5, 2025, order from the WorkForce West Virginia Board of Review ("Board"), which affirmed the decision of the administrative law judge ("ALJ") and found Ms. McGinley was ineligible for unemployment compensation benefits because she failed to prove that she was able and available for full-time work. Respondent Scott A. Adkins, in his official capacity as Acting Commissioner of WorkForce West Virginia ("WorkForce"), filed a response.[1] Ms. McGinley filed a reply. Northern West Virginia Center for Independent Living d/b/a LiveAbility ("LiveAbility") did not participate in this appeal.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For the reasons set forth below, a memorandum decision affirming the Board's decision is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Ms. McGinley was employed part-time by LiveAbility, first as a research assistant and then as a driver from March 13, 2023, until May 22, 2025, when she was advised she

---

[1] Ms. McGinley is self-represented. WorkForce is represented by Kimberly A. Levy, Esq.

1

no longer had a job. After she left employment, Ms. McGinley applied for unemployment compensation benefits. On June 9, 2025, a WorkForce claims deputy found Ms. McGinley was ineligible for benefits because she failed to show she was able to return to full-time employment. The deputy stated that Ms. McGinley was awarded Social Security Disability Insurance benefits ("SSDI") in 2013 due to injuries she sustained in a car accident. The deputy stated that SSDI is relevant in determining whether a claimant is able and available for full-time employment, but it is not the sole determining factor. The deputy then held that Ms. McGinley failed to provide a statement from a licensed physician confirming she is able to return to full-time employment, and, as a result, she failed to meet the eligibility requirements under West Virginia Code § 21A-6-1(3) (2024). Ms. McGinley timely appealed the deputy's decision to the ALJ. On July 9, 2025, the ALJ held a telephonic hearing during which Ms. McGinley and Richard Trout, the office manager for WorkForce, appeared and testified.

During the hearing, Mr. Trout testified that Ms. McGinley indicated on her application for unemployment benefits that she received SSDI. Ms. McGinley was asked to provide additional information regarding her SSDI benefits and stated that she was unable to work full-time. Mr. Trout stated that Ms. McGinley was then asked to provide a statement from a physician that she was able and available to work full-time, but she failed to provide this document. Mr. Trout testified that Ms. McGinley's application was then denied because she was not able to work full-time.

Ms. McGinley testified that she was awarded SSDI in 2016 but became qualified in 2013. She stated that she did not work at all for ten years but began working for LiveAbility part-time in 2023. She stated that she performed grant-funded emergency preparedness research and then began driving children to a program in July of 2025. However, in May of 2025, she was advised that the children's program was not making money, so she no longer had a job. She argued that other types of part-time employment would allow her to receive benefits and that not allowing individuals who receive SSDI to receive unemployment compensation is discriminatory and unconstitutional. She testified that she cannot work full-time due to her disability and is unable to get a letter from her physician stating otherwise because it would be fraudulent.

On July 16, 2025, the ALJ issued a written decision affirming the deputy's decision and held that Ms. McGinley received SSDI benefits and was presumed to be unable to work full-time unless proven otherwise. The ALJ further held that Ms. McGinley failed to prove she was able and available for full-time work and was disqualified from benefits. Ms. McGinley appealed this decision to the Board, and the Board issued a decision on September 5, 2025, adopting the findings of the ALJ and affirming the ALJ's decision that Ms. McGinley is ineligible for unemployment compensation benefits. It is from this order that Ms. McGinley now appeals.

In this appeal, our standard of review is as follows:

The findings of fact of the Board of Review of [WorkForce West Virginia] are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*.

Syl. Pt. 3, *Adkins v. Gatson*, 192 W. Va. 561, 453 S.E.2d 395 (1994).

On appeal, Ms. McGinley asserts two assignments of error, and we will consolidate the consideration of these assignments of error for clarity. First, Ms. McGinley argues the Board erred in requiring her to provide a letter from a physician stating she is able to work full-time because it constitutes individual discrimination and violates Title II of the Americans with Disabilities Act ("ADA"). For her second assignment of error, Ms. McGinley argues West Virginia Code § 21A-6-1(3) has a disparate impact and constitutes blanket discrimination against disabled persons by requiring them to commit to full-time work. Specifically, she argues this statute also violates Title II of the ADA.[2] We disagree. Eligibility for unemployment compensation benefits is determined pursuant to West Virginia Code § 21A-6-1, which states, in relevant part, as follows:

An unemployed individual shall be eligible to receive benefits only if the commissioner finds that:
. . .
(3) He or she is able to work and is available for full-time work for which he or she is fitted by prior training or experience and is actively seeking work as defined in § 21A-6-1d of this code;
. . . .

In this case, it is undisputed that Ms. McGinley is not able to work full-time, and she has failed to present evidence proving she is available for full-time work. Ms. McGinley argues that the requirements of West Virginia Code § 21A-6-1(3) violate Title

---

[2] In her opening brief, Ms. McGinley argued that the Board's actions and West Virginia Code § 21A-6-1(3) also violate Section 504 of the Rehabilitation Act of 1973 and the West Virginia Human Rights Act. However, in reply, she abandoned those claims. Ms. McGinley further asserts that West Virginia Code § 21A-6-1(3) violates the Fourteenth Amendment. Ms. McGinley fails, however, to specify whether this claim arises under the West Virginia Constitution or the United States Constitution. Moreover, her constitutional challenge consists of only a skeletal argument, which lacks any reasonable specificity or meaningful explanation. *See State ex rel. Hatcher v. McBride*, 221 W. Va. 760, 766, 656 S.E.2d 789, 795 (2007) ("A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . . Judges are not like pigs, hunting for truffles buried in briefs."). "In the absence of such supporting arguments or authority, we deem these assignments of error to have been waived." *Id.* As a result, we decline to consider Ms. McGinley's constitutional challenge.

II of the ADA by intentionally discriminating against individuals with disabilities and having a disparate impact on disabled individuals. *See* 42 U.S.C. § 12132. To establish a violation of Title II under either theory, a claimant must show the following: "(1) they have a disability; (2) they are otherwise qualified to receive the benefits of a public service, program, or activity; and (3) they were denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of their disability." *Nat'l Fed'n of the Blind v. Lamone*, 813 F.3d 494, 503 (4th Cir. 2016) (citing *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005)). Both of Ms. McGinley's theories fail under the third element.

West Virginia Code § 21A-6-1 conditions eligibility for unemployment benefits on the ability and availability to work full-time, and it contains no disqualifying provision based on disability or receipt of SSDI benefits. Ms. McGinley is disqualified from unemployment compensation benefits because she is unable to work full-time, not because she receives SSDI benefits. Ms. McGinley relies on *Huston v. Comm'r of Emp. & Econ. Dev.*, 672 N.W.2d 606 (Minn. Ct. App. 2003) in support of her argument, but unlike the Minnesota statute at issue in that case, West Virginia Code § 21A-6-1(3) does not categorically bar disabled individuals who receive SSDI from demonstrating their eligibility for benefits based on their actual ability to work. Accordingly, her intentional discrimination claim fails.

Further, Ms. McGinley has failed to offer any evidence to establish that West Virginia Code § 21A-6-1(3) has a disproportionate effect on individuals with disabilities. As WorkForce argues, a claimant might not be eligible for full-time work for reasons entirely unrelated to a disability and, as such, the eligibility statute is not proven to have a disparate impact on individuals with disabilities as Ms. McGinley contends.[3] In this regard, her conclusory assertions are insufficient to meet her burden of proof. As a result, Ms. McGinley's disparate impact claim also fails.

Accordingly, we affirm the Board's September 5, 2025, order.

Affirmed.

---

[3] Ms. McGinley relies on *Bemke v. Pechacek*, No. 21-CV-560-WMC, 2024 WL 3443792 (W.D. Wis. July 17, 2024), where a Wisconsin unemployment compensation statute was found to have a disparate impact on individuals with disabilities in violation of Title II of the ADA. Notably, unlike West Virginia Code § 21A-6-1(3), the Wisconsin statute at issue in that case had an exclusion that specifically prohibited SSDI recipients from collecting unemployment benefits. No such provision exists here, nor has Ms. McGinley developed evidence establishing that WorkForce automatically precludes SSDI recipients from collecting unemployment benefits, despite their ability to otherwise meet the eligibility requirements.

**ISSUED:** August 6, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White